IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| ANGELA M. RYAN, | ) CASE NO.3:18-CV-02060 |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| v. | ) |
| | ) |
| | ) MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL | ) ORDER |
| SECURITY, | ) |
| | ) |
| Defendant. | |

**Introduction**

Angela Ryan sought supplemental security income benefits because of multiple physical impairments, including but not limited to, edema, for which she treated with prescription diuretics. Despite her testimony about frequent and sudden onset urination brought on by these diuretics, the ALJ adopted a residual functional capacity finding that included not limitation for that urination. Based upon the vocational expert's testimony in response to a hypothetical incorporating that RFC finding, the ALJ found her capable of performing a significant number of jobs existing in the national economy.[1] This

---

[1] ECF #10, Transcript ("TR") at 18-19.

decision lacks the support of substantial evidence in the record. I, therefore, reverse that decision and remand for further consideration.

**Analysis**

The oral argument in this case brought into focus the following issue for decision:

- The ALJ found that Ryan had edema well-controlled by diuretics. He did not find edema a severe impairment. Ryan testified that the diuretics cause frequent urination with sudden onset. Despite this uncontested testimony, the RFC finding contains no limitation for frequent urination. The VE testified that such urination would eliminate jobs otherwise existing in the economy. Does the Step 4 RFC and Step 5 existing jobs findings have the support of substantial evidence?

The facts relevant to this decision are not extensive. Ryan is a younger person with a limited education and no past relevant work.[2] The ALJ found that her obesity and chronic pulmonary insufficiency are severe impairments, but that she was nonetheless capable of restricted sedentary work and so not disabled.[3]

Ryan claims that the ALJ improperly interjected his own opinions into the analysis of Ryan's symptoms and so failed to correctly view the medical evidence, resulting in a decision that is not supported by substantial evidence.[4] The Commissioner, in turn, asserts that it is the duty of the ALJ to determine a claimant's credibility and to evaluate subjective

---

[2] Tr. at 17.
[3] Tr. at 15.
[4] ECF No. 15 at 6.

complaints in light of all the evidence.[5] Further, the Commissioner maintains that any error in any specific comments by the ALJ was harmless because the RFC is supported by both the objective clinical evidence and by the opinions of two state agency reviewing physicians.[6]

As Ryan points out,[7] that an ALJ cannot substitute his own medical judgment for that of a competent medical source.[8] She contends that the ALJ here, relying only on his own purported expertise, "effectively testified at the hearing to his own understanding of medical treatment and issues, over and over expressing correction to Ms. Ryan's own experience of her medical treatment and issues."[9]

I also note that Ryan cites to:

(1) the ALJ disputing whether a drug Ryan was prescribed as an anti-convulsive is properly used in that situation;[10]

(2) the ALJ attempting to overrule Ryan as to whether her abdominal pain is due to "diverticulitis," as she stated, or to "diverticulosis;"[11]

(3) the ALJ insisting that Ryan could not have been scheduled for a sleep apnea home test – which she was - because such test was only done at a clinic;[12]

(4) the ALJ finding that Ryan's edema was controlled by a diuretic when the medical evidence was that the edema was not always controlled;[13]

---

[5] ECF No. 17 at 4.
[6] *Id.* at 6.
[7] ECF No. 15 at 8.
[8] *Id.* (citing cases).
[9] *Id.* at 9.
[10] Tr. at 31. The drug is actually correctly used as an anti-convulsive. *Id.* at 297.
[11] *Id.* at 39-40.
[12] *Id.* at 48-49.
[13] *Id.* at 14, 332, 452, 531.

(5) the ALJ dismissing Ryan's testimony that she has been told by her doctor to keep her legs elevated above her heart to control her edema;[14] and,

(6) the ALJ dismissing Ryan's claim of frequent urination (3x-4x per hour)[15] on the grounds that it was not supported by medical evidence,[16] but not addressing the fact that frequent urination is a side effect of Ryan's medication.

Finally, Ryan observes that although any of the above examples could have served to improperly erode Ryan's credibility, with a detrimental effect to her claim, the matters concerning the elevation of her leg as a prescribed treatment for her edema and the frequency of urination as a result of her medication both directly call into question the conclusion that Ryan is not disabled. Specifically, Ryan cites[17] to the testimony of the VE in this matter that elevating legs to hip level or higher during the work day would make a person unemployable,[18] as would taking a bathroom break more than once per hour.[19]

This testimony by the VE as to employability is proper to his area of expertise and in no way contradicts the medical opinions cited by the Commissioner. Those opinions did not consider leg elevation because that was part of Ryan's testimony at the hearing and further did not consider that Ryan had returned to her doctor for a change in medication less than two months before the hearing specifically to address the urination problem.[20]

---

[14] *Id*. at 50-52. See, e.g., "Above your heart? You'd have to be an acrobat, you know …."
[15] *Id*. at 42, 45, 46.
[16] *Id*. at 14.
[17] ECF No. 15 at 14.
[18] Tr. at 66-67.
[19] *Id*. at 65-66.
[20] See, ECF No. 19 at 4 (citing transcript).

## Conclusion

I find that substantial evidence does not support the finding of no disability by the Commissioner. Accordingly, the matter is remanded for further proceedings.

IT IS SO ORDERED.

Dated: September 26, 2019

<u>s/William H. Baughman Jr.</u>
United States Magistrate Judge